**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WESTINGHOUSE AIR BRAKE TECHNOLOGIES CORPORATION *doing business as* WABTEC CORPORATION, | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 17-1184 |
| Plaintiff, | | |
| v. | | |
| SIEMENS INDUSTRY, INC. | | |
| Defendant. | | |

## **MEMORANDUM OPINION**

I. INTRODUCTION

This matter is before the Court on a motion to transfer filed by Defendant Siemens Industry, Inc., (Docket No. 19), its supporting brief, (Docket No. 20), Plaintiff Westinghouse Air Brake Technologies Corp. d/b/a Wabtec's response in opposition, (Docket No. 29), and Defendant's reply brief, (Docket No. 32). Also pending before the Court are Wabtec's motion for expedited discovery, (Docket No. 15), and Siemen's opposition thereto, (Docket No. 22). After careful consideration of the parties' positions and for the following reasons, Siemen's motion to transfer [19] is granted and Wabtec's motion for expedited discovery [15] is denied, without prejudice.

II. BACKGROUND

By way of background, Siemens and Wabtec are involved in a patent infringement case in the District of Delaware at Civil Action No. 16-284. Siemens is the Plaintiff in that matter and Wabtec

1

is the Defendant. *See generally, Siemens Industry, Inc. v. Westinghouse Air Brake Technologies Corp. (d/b/a Wabtec Corporation) and Wabtec Railway Electronics*, Civ. A. No. 16-284, (D. Del). In that case, on February 14, 2017, Wabtec filed an amended answer and amended counterclaims against Siemens, asserting that Siemens was infringing three of its own patents.[1] *Id.* at Docket No. 56. Siemens responded on March 14, 2017 by answering the counter-claims and filing counter-counterclaims against Wabtec, seeking a declaratory judgment of non-infringement and invalidity of Wabtec's patents. *Id.* at Docket No. 64. Siemens also moved to sever Wabtec's counter-claims, Wabtec opposed, such motion was briefed by the parties and argued before the Honorable Christopher Burke on August 17, 2017, who entered an order granting the motion to sever. (*Id.* at Minute Entry 8/17/17). It appears that no action was expressly taken with respect to Siemen's declaratory judgment claims as part of this order.

Wabtec filed a Complaint against Siemens in this Court on September 8, 2017, (Docket No. 1), and then an Amended Complaint on September 19, 2017, (Docket No. 14). Wabtec admits that the claims set forth in its Amended Complaint are identical to the amended counterclaims that it had earlier asserted against Siemens in the Delaware action. (*See* Docket No. 29). Subsequent to Wabtec filing in this District, Siemens filed a motion in Delaware seeking to have the Court assign a docket number to its counter-counterclaims and to enjoin this lawsuit under the first-filed rule. In a Memorandum Order dated October 19, 2017, the Honorable Leonard P. Stark granted, in part and denied, in part, Siemens motion, directing the clerk of court to assign a docket number to Siemens' claims but declining to "enjoin Defendants from proceeding with their pending action in the Western District of Pennsylvania." (Docket No. 20-1). In so holding, Judge Stark added that:

---

[1] The patents-in-suit include: U.S. Patent Nos. 7,398,140; 8,175,764; and 8,478,463. (*See* Docket No. 14).

> While it may have been that the Magistrate Judge, and one or both parties, anticipated that when [Siemens'] motion to sever was granted that [Wabtec] would file a new action in this District (asserting [Wabtec's] patent claims that were severed from the instant action), [Wabtec was] not *required* to file any new action. More importantly, nothing in the Court's prior rulings, nor the Federal Rules of Civil Procedure, compelled [Wabtec] - having decided to assert their patents in a new action against Plaintiff - to file in this District. The Court perceives no meritorious basis to enjoin [Wabtec] from proceeding with their "second-filed" action. Notably, Plaintiff persuaded the Magistrate Judge that the patent claims [Wabtec] are asserting against [Siemens] have little if any overlap with the patent claims [Siemens] is asserting against [Wabtec] in the instant action.
>
> However, the Court agrees with [Siemens] that [Wabtec's] decision to file a new action in the Western District does not automatically mean that [Siemen's] declaratory judgment counterclaims relating to [Wabtec's] patents must - against [Siemens'] wishes - necessarily be litigated in that District. It may well be sensible to transfer [Siemen's] counterclaims to the Western District, but that is a matter the Court will decide (should it be asked to do so) in the context of the new action to be opened in this District.
>
> To the extent not already clear, [Wabtec's] counterclaims (i.e., [Wabtec's] assertion of [Wabtec's] patents against [Siemens]) in the instant action are DISMISSED WITHOUT PREJUDICE to [Wabtec's] proceeding with those same claims in the pending action in the Western District.

(Docket No. 20-1).

Prior to serving its Amended Complaint in this Court, Wabtec filed a motion for expedited discovery on October 5, 2017. (Docket No. 15). After being served, Siemens filed the instant motion to transfer and supporting brief on October 19, 2017. (Docket Nos. 19, 20). It also opposed the motion for expedited discovery on October 20, 2017. (Docket No. 22). Wabtec filed its brief in opposition on November 2, 2017. (Docket No. 29). Siemens filed its reply on November 7, 2017. (Docket No. 32). As all briefing has concluded, the matter is now ripe for disposition.

3

III. LEGAL STANDARD

Turning to the applicable legal standards, the determination of whether to dismiss or transfer a case under the "first filed rule" is committed to the sound discretion of the trial court. *See Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 220 (3d Cir. 2016) (district court has discretion to transfer matter under first filed rule). It is well-established that courts have broad discretion to manage cases in an effort to avoid wasteful and duplicative litigation. *See, e.g., Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800, 817 (1976). The recent amendments to Rule 1 of the Federal Rules of Civil Procedure should make clear that the parties share the responsibilities with the Court to "secure the just, speedy, and inexpensive determination of every action and proceeding." *See* FED. R. CIV. P. 1 (*eff.* Dec. 1, 2015). In this regard, the "first-filed" rule "is a comity-based doctrine stating that when duplicative lawsuits are filed successively in two different federal courts, the court where the action was filed first has priority." *Chavez*, 836 F.3d at 210. "A district court applying the first-filed rule has the ability to 'enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court.'" *Sinclair Cattle Co. Inc., v. Ward*, 80 F. Supp. 3d 553, 558 (M.D. Pa. 2015) (quoting *EEOC v. Univ. of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988)). "[I]n the vast majority of cases, a court exercising its discretion under the first-filed rule should stay or transfer a second-filed suit." *Chavez*, 836 F.3d at 220.

IV. DISCUSSION

At the outset, it is uncontested that the patent claims asserted by Wabtec against Siemens here are identical to those it previously set forth in Delaware and that the declaratory judgment claims filed by Siemens against Wabtec that are pending in Delaware are related to this case. (*See* Docket Nos. 20; 29; 32). It is unquestionably in the interests of judicial economy for a single court

4

to hear the competing cases where Wabtec asserts that three of its patents are being infringed and Siemens counters for declarations of non-infringement and invalidity. (*Id.*). It is likewise undisputed that Delaware is an appropriate forum where these parties can litigate their disputes, particularly given that both companies are incorporated in Delaware. (*See* Docket No. 14 at ¶¶ 2, 3). The only real issue is which of the two cases should be transferred.[2] Having carefully considered the parties' positions, the Court will exercise its discretion to transfer this matter to Delaware.

The parties initially dispute which of the cases is "first filed" for the purposes of the "first filed rule." (Docket Nos. 20; 29; 32). Siemens suggests that its declaratory judgment claims are "first filed" while Wabtec argues that its infringement claims asserted in this case are "first filed." (*Id.*). The Court disagrees with both parties and finds that Wabtec's infringement counterclaims filed in Delaware in February of 2017 constitute the first filed suit, making this action the second filed suit.

Here, Wabtec filed the infringement counterclaims in Delaware in February of 2017, Siemens filed the related declaratory judgment claims in March of 2017 and the disposition of those claims was unclear at the time this admittedly identical suit was filed on September 8, 2017. To this end, the Delaware Court entered a text order severing Wabtec's infringement counterclaims on August 14, 2017 but provided no further instructions as to the next steps for those claims. In fact, the Delaware Court did not expressly dismiss Wabtec's infringement counterclaims or address Siemens' declaratory judgment claims in that order. *Cf. DirecTV Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006) (citing *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 145 n. 6 (3d Cir.1999) ("when a court 'severs' a claim against a defendant under Rule 21, the suit simply continues against the severed

---

[2] A review of the docket in Delaware shows that Wabtec has filed a motion to transfer Siemens' declaratory

5

defendant in another guise.")). The disposition of the claims was not clarified until Judge Stark issued his Order on October 19, 2017 expressly dismissing Wabtec's infringement counterclaims, without prejudice, and directing the clerk of court to file Siemens declaratory judgment claims at a separate case number. (Docket No. 20-1). In light of this procedural history, it is clear to this Court that the first filed case is the Delaware matter and this action is the second filed suit. *Cf. Chavez*, 836 F.3d at 210 (The first filed rule provides that "when duplicative lawsuits are filed successively in two different federal courts, the court where the action was filed first has priority.").

As this is the second filed suit, the Court has discretion to "fashion a flexible response to the issue of concurrent jurisdiction" and transfer this action to Delaware after considering the totality of the circumstances. *See Chavez*, 836 F.3d at 216. Both parties ascribe nefarious motives to their opponent for pursuing or opposing this motion, with Wabtec accusing Siemens of effectively stalling to delay a motion for preliminary injunction and Siemens countering that Wabtec is engaged in improper forum shopping. (Docket Nos. 20; 29; 32). It appears that both parties are exaggerating their respective positions but the Court need not resolve these disputes because it is clear that there is no prejudice to any of the parties by the requested transfer. In this regard, Wabtec asserts that this is its "home forum" but it is a Delaware corporation and therefore has two home venues under federal law, including Delaware. Wabtec also filed its infringement claims in Delaware in the first instance and its forum preference must be evaluated in that context. *See Turner Construction Co. v. Independence Excavating, Inc.*, 2016 WL 1408120, *2 (W.D. Pa. Apr. 11, 2016) ("This case was initiated by Turner in the District of Columbia and the forum preferences of the parties must be evaluated in that context. […] Hence, Turner's choice of forum was simply not the Western District

judgment claims to this court.

of Pennsylvania, as the parties now suggest."). All told, this District was simply not Wabtec's initial forum choice and its subsequent decision to refile the case in this District is not given the same type of weight as those cases its cites where the forum preference did not change on the whims of the plaintiff. (*See* Docket No. 29).

Further, despite all of its arguments, Wabtec has not elucidated any reason(s) why it would be prejudiced by a transfer of this matter to Delaware and this Court is not aware of any such prejudice Wabtec would sustain by litigating a case in the District where it is incorporated and it chose to file the suit initially. (Docket No. 29). Wabtec likewise has not provided any reason(s) why it chose to refile the case here, from which the Court can only infer that it now perceives some unstated strategic advantage in this forum that did not exist in February of 2017. In this Court's estimation, the prejudice, if any, to Wabtec, is strongly outweighed by the judicial economies gained by transferring the case to Delaware because a single Judge will preside over the infringement case and the declaratory judgment case together. *See U.S. ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co.*, 239 F.R.D. 404, 415 (W.D. Pa. 2006) ("Judicial economy is not a principle that operates exclusively to the courts' advantage. Litigants also benefit when the consolidation of related actions results in the most expedited determination of debts and liabilities."). Indeed, Wabtec agrees that the cases should be joined as is plainly evident from its filing the motion in Delaware seeking to transfer the declaratory judgment action to this District, on the same bases.

The Court recognizes that Judge Stark declined to exercise his discretion to enjoin this case upon Siemens' motion. (Docket No. 20-1). But, Judge Stark's decision is not binding on this Court. *See Washington Frontier League Baseball, LLC v. Frontier Professional Baseball, Inc.*, 2017 WL 565001, at *2 (W.D. Pa. Feb. 13, 2017) (noting that decision of a co-equal District Court is not

binding on this court). It also is distinguishable because enjoining Wabtec from pursuing this lawsuit is certainly different than transferring it to Delaware in a manner that promotes judicial economy as this transfer certainly does.

Alternatively, the Court would exercise its discretion to transfer the case pursuant to 28 U.S.C. § 1404(a) after a careful weighing of the relevant private and public factors set forth in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995),[3] for many of the same reasons articulated above. As to the private factors, again, Wabtec's forum choice was initially Delaware, where it chose to initiate its suit, is its state of incorporation, and is a location where the parties are already litigating the unrelated patent infringement case and the related declaratory judgment claims are pending, all of which favors transfer. *Id.* at 879. According to Wabtec, some of the infringing activities are taking place in this District but such factor is not given much weight here because Wabtec did not view that as a controlling factor when filing the litigation in Delaware to begin with. *Id.* From the Court's perspective, the remaining private factors are effectively neutral, and, on balance, the private factors strongly support the requested transfer. *Id.*

With respect to the public factors, Wabtec has not made a persuasive argument that any of them weigh strongly in its favor and this Court views them as effectively neutral. *See Jumara*, 55 F.3d at 883. The Court also agrees with Siemens' position that Wabtec's statements concerning the purported need to expedite preliminary injunction proceedings in this matter are undermined by its lack of action in the Delaware case where it filed its infringement counterclaims in February of 2017

---

[3] The relevant private interests include: (1) each party's forum preference; (2) where the claims arose; (3) the convenience of the parties; (4) the convenience of the witnesses; and (5) the location of the books and records. *Jumara*, 55 F.3d at 879. The cited public interests include: (1) the enforceability of the judgment; (2) practical considerations of expediting trial and reducing costs; (3) administrative difficulties in the two fora due to court congestion; (4) the local interest in deciding local controversies; (5) public policies of the fora; and (6) the familiarity of the trial judge with the

8

but never moved for a preliminary injunction. *Id.* Overall, the Court would alternatively transfer this matter to the District of Delaware pursuant to 28 U.S.C. §1404(a).

## V. CONCLUSION

Based on the foregoing, Siemens' motion to transfer [19] is granted and this matter will be transferred to the District Court for the District of Delaware, forthwith. Wabtec's motion for expedited discovery [15] is denied, without prejudice, to it raising such issues in the transferee forum. An appropriate Order follows.

    *s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: November 20, 2017

cc/ecf: counsel of record

---

applicable state law. *Id.*