# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

———

(302) 658-9200
(302) 658-3989 fax

Karen Jacobs
(302) 351-9227
(302) 425-4681 Fax
kjacobs@mnat.com

February 14, 2018

The Honorable Christopher J. Burke                              *VIA ELECTRONIC FILING*
United States District Court
844 North King Street
Wilmington, DE 19801

     Re:    *Westinghouse Air Brake Techs. Corp. (d/b/a Wabtec Corporation) v. Siemens*
            *Industry, Inc.,* C.A. No. 17-1687 (LPS)(CJB)

Dear Judge Burke:

      We write on behalf of Defendant Siemens Industry, Inc. ("Siemens") concerning the motion for preliminary injunction (the "Motion") that Plaintiff Westinghouse Air Brake Techs. Corp. (d/b/a Wabtec Corporation) ("Wabtec") filed last Friday, February 9, 2018 (D.I. 48).  As explained below, Siemens submits that Wabtec's Motion was procedurally improper, as Wabtec should have raised its proposed Motion with the Court before filing it and, as a result, Wabtec should be required to show good cause for proceeding with the Motion (and Siemens be given a chance to oppose) before forcing Siemens and the Court to expend significant resources addressing the Motion.  Siemens thus respectfully requests the opportunity to discuss with the Court whether to schedule proceedings on the Motion, and if so, what procedures and schedule should apply.  Siemens also requests that all deadlines related to Wabtec's Motion be held in abeyance in the interim to promote judicial economy and preserve the resources of the parties. Despite previously proposing an April 13, 2018 deadline for Siemens' answering brief (*see* Ex. A (Wabtec's proposed discovery and briefing schedule)), Wabtec has advised that it opposes the requested suspension of deadlines and instead would only consider moving Siemens' response to the Motion until after the conference.

      By way of background, Siemens filed a patent infringement action against Wabtec on April 21, 2016, asserting seven patents. (C.A. No. 16-284, D.I. 1).  Siemens then amended its complaint on January 12, 2017, asserting six additional patents. (C.A. No. 16-284, D.I. 41-1).  Wabtec waited until February 14, 2017, almost ten months after Siemens originally filed its action, to assert counterclaims against Siemens, alleging infringement of three Wabtec patents. (D.I. 56).  Siemens then filed a motion to sever Wabtec's counterclaims, which the Court granted on August 17, 2017. (C.A. No. 16-284, Oral Order).  Shortly thereafter, on September 8, 2017, Wabtec refiled its counterclaims as a new complaint in the Western District

The Honorable Christopher J. Burke
February 14, 2018
Page 2

of Pennsylvania.  A month later, Wabtec moved for expedited discovery in connection with a motion for preliminary injunction that it claimed it "planned to file" in that court, but never did. (C.A. No. 17-1184 (W.D. Pa.), D.I. 15 at 1).  Siemens promptly moved to transfer Wabtec's infringement claims to this Court, which the Pennsylvania court granted on November 21, 2017.  (C.A. No. 17-1184 (W.D. Pa.), D.I. 35-2).  In the same order, the court also denied Wabtec's motion for expedited discovery without prejudice to Wabtec's raising such issues in the transferee forum, but noted that "the purported need to expedite preliminary injunction proceedings in this matter [is] undermined by [Wabtec's] lack of action in the Delaware case where it filed its infringement counterclaims in February of 2017."  (*Id.* at 8-9).

After Wabtec's case was transferred (C.A. No. 17-1687), this Court ordered the parties to submit a proposed schedule.  On January 16, 2018, the parties submitted an agreed-upon schedule, which proposed a trial date in March 2020.  With that submission, Wabtec certified that it had made good faith efforts to discuss each of the topics included in the Court's Case Management Checklist, including (1) the type of relief sought, e.g., "…. *injunction, and/ or any other form of relief*" and (2) whether the Court should hear any early dispositive motions, and if so, what the moving party would give up in exchange.  (D.I. 46-1 at 2-3 (emphasis added)).  At no point during the meet and confer process, or in the submissions to the Court, did Wabtec ever mention pursuing the Motion or expedited discovery.  This Court entered an Oral Order setting a case management conference for February 26, 2018, indicating that "[b]ecause the proposed order is without any disputes, only Delaware counsel should appear in person."[1]

It was not until February 5, 2018, weeks after the parties filed their agreed-upon Scheduling Order, that Wabtec informed Siemens that it planned to file a motion for a preliminary injunction and expedited discovery.  Despite having never raised the issue before, Wabtec proposed a schedule for the Motion that included expedited fact and expert discovery ending just four weeks later.[2]  (*See* Ex. A).

As the Pennsylvania court found in November 2017, Wabtec's "purported need to expedite preliminary injunction proceedings in this matter [is] undermined by its lack of action"

---

[1] As a result, Wabtec has effectively waived the right to seek such relief by failing to comply with this Court's scheduling procedures, the Local Rules and the parties' agreed Scheduling Order, which does not permit the filing of dispositive motions more than 10 days before the deadline. Wabtec appears to be treating its Motion as dispositive because it did not submit a certification under D. Del. LR 7.1.1.  (*See* D.I. 48).  Under its own interpretation, Wabtec's Motion is not permitted without leave of Court.  (*See* D.I. 47 ¶ 17.a).

[2] In opposing Siemens' motion to sever, Wabtec sought to keep its later-filed patent infringement claims on the same schedule as Siemens' earlier claims.  Having lost the motion to sever, Wabtec now proposes a preliminary injunction schedule to catch up with the original case and would have the parties completing significant fact and expert discovery related to the Motion at the same time the parties are completing fact discovery and conducting expert discovery in the first case.  (*See* C.A. No. 16-284, D.I. 49 (opening expert reports due March 16, 2018)).

The Honorable Christopher J. Burke
February 14, 2018
Page 3

since it filed these infringement claims originally in February of 2017. Wabtec's continued inaction for several more months further undermines the relief sought.

Wabtec's claims that it only recently learned of Siemens' allegedly infringing sales is belied by the Counterclaims it filed in February 2017, where it alleged that "Siemens has been marketing products relating to PTC to customers in the United States since *at least September of 2012*," (*See* C.A. No. 16-284, D.I. 56, ¶¶ 120-36 (emphasis added)). Wabtec also alleged that "Siemens' infringement of the '463 Patent has caused Wabtec Corp. to suffer substantial monetary harm, including lost profits relating to Wabtec Corp.'s sale of competing products relating to PTC." (*Id.* at ¶ 695).[3]   Even Wabtec (in its opening brief) concedes that it has known of its purported grounds for filing the Motion no later than September of 2017, yet failed to raise the issue until now. (*See* D.I. 49 at 1).

As evidenced by the delay, Wabtec has not and cannot show any basis for the Court or the parties to devote the time and resources to conduct expedited fact and expert discovery outside the agreed-upon schedule, or a preliminary injunction hearing on claims it filed in February of 2017 based on information that Wabtec has known for years.[4]   At a minimum, Wabtec should be required to seek leave and Siemens should be permitted to oppose.

Siemens respectfully requests the opportunity to discuss these issues with the Court during the case management conference currently scheduled for February 26, 2018, or some other time convenient to the Court, and that the conference be converted to an in-person conference in view of the now apparent dispute.

Respectfully,

*/s/ Karen Jacobs*

Karen Jacobs (#2881)

KJ:pab
cc:     All Counsel of Record (via electronic mail)

---

[3] Those same allegations, and the news articles and marketing materials attached as exhibits to Wabtec's Counterclaims, similarly make clear that the Siemens OBU—whose recent sales are at the heart of Wabtec's Motion—was likewise being sold and offered for sale by Siemens as early as 2012. (*Id.* at ¶¶ 120-36, Exhibits T-V).

[4] During the parties' meet and confer, Siemens advised Wabtec that it believed Wabtec should seek leave of Court prior to filing its motions for expedited discovery and a preliminary injunction.  Wabtec refused and proceeded to file this Motion, but agreed to discuss its proposed motion for expedited discovery at the upcoming scheduling conference.  Wabtec has not yet filed any request for expedited discovery.