IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WESTINGHOUSE AIR BRAKE TECHNOLOGIES CORPORATION (d/b/a WABTEC CORPORATION)<br><br>Plaintiff,<br><br>v.<br><br>SIEMENS INDUSTRY, INC.,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: C.A. No. 17-1687-LPS<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM ORDER**

Plaintiff Westinghouse Air Brake Technologies Corporation (d/b/a Wabtec Corporation) ("Wabtec") filed a Motion for a Preliminary Injunction to enjoin Defendant Siemens Industry, Inc. ("Siemens") from infringing claims 4, 6, and 24 of U.S. Patent No. 8,478,463 (the "'463 patent") by the sale in the United States of the on-board unit component of Siemens' positive train control ("PTC") system, known as Trainguard.[1] (D.I. 48) Wabtec's motion was filed on February 9, 2018, after which Magistrate Judge Burke entered a scheduling order for limited discovery related to the motion and further briefing. (D.I. 59) Siemens filed its opposition brief on May 9 (D.I. 78), Wabtec filed a reply brief on June 11 (D.I. 88), and, with the permission of the Court, Siemens filed a sur-reply brief on July 11 (D.I. 104). The Court held a pre-hearing teleconference on July 18 and held a seven-hour evidentiary hearing on August 1.

For the reasons stated at the conclusion of the evidentiary hearing, which are summarized

---

[1] Wabtec reduced its asserted claims for purposes of this motion in its reply brief (*see* D.I. 88 at 2 n.2) and further reduced its motion to enjoin only sales during the evidentiary hearing on August 1, 2018.

1

below, **IT IS HEREBY ORDERED** that Wabtec's motion for a preliminary injunction (D.I. 48) is **DENIED**.

A preliminary injunction is an "extraordinary remedy, which should be granted only in limited circumstances." *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002). Such a motion should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) the balance of harms to the parties "(i.e., the potential injury to the plaintiff if an injunction does not issue versus the potential injury to the defendant if the injunction is issued)" weighs in favor of an injunction; and (4) granting the injunction is in the public interest. *Id.* at 586, 596. While Wabtec demonstrated that it will likely prove infringement (and, for purposes of the motion, Siemens did not put forth a noninfringement defense), Siemens established that it is more likely than not that it will prove by clear and convincing evidence that the '463 patent is invalid in light of the Kull prior art reference. Since "failure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate," *NutraSweet Co. v. Vit–Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999), the Court declined to determine whether Wabtec met its burden with respect to irreparable harm. However, the Court did conclude that the public interest would be disserved if Wabtec's motion were granted and, further, that the public interest is not disserved by denying the motion, given the December 2018 federal statutory deadline for implementation of PTC, the interests of public safety (reflected in the Rail Safety Improvement Act), and the railroads' demonstrated desire for mitigating the risk created by reliance on a sole supplier of PTC. Finally, the Court also concluded that the balance of harms weighs against granting the requested relief, as an injunction might cause Siemens to lose the benefit of its

substantial investment in developing a competing technology, and because of the harm that would result from altering the status quo of a two-player market.

August 2, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT