IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WESTINGHOUSE AIR BRAKE TECHNOLOGIES CORPORATION (d/b/a WABTEC CORPORATION), | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 17-1687-LPS-CJB |
| SIEMENS MOBILITY, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff Westinghouse Air Brake Technologies Corporation's (d/b/a Wabtec Corporation) ("Plaintiff" or "Wabtec") motion for a protective order and stay of discovery pending resolution of its motions to dismiss Defendant Siemens Mobility, Inc.'s ("Defendant" or "Siemens") antitrust, Lanham Act and state law counterclaims ("the counterclaims") and motion to sever those counterclaims ("Motion"). (D.I. 156)[1] For the reasons set forth below, the Court orders that the Motion be DENIED, as Plaintiff has not demonstrated good cause to support the Motion.

The Court finds that denial of the Motion is appropriate primarily because, in the Court's view, the District Court has essentially already considered and rejected the type of stay proposed by Plaintiff. In evaluating Defendant's prior motion for leave to amend to add the counterclaims, (D.I. 107), Chief Judge Leonard P. Stark also considered Defendant's related request to begin discovery related to those counterclaims. In doing so, the District Court was well aware of the nature of the counterclaims and their significance to this case. Moreover, in arguing to the

---

[1] This case has been referred to the Court to hear and resolve certain motions, including the instant Motion. (D.I. 38)

District Court that it should deny Defendant's request to commence discovery on the counterclaims, Plaintiff made much the same argument that it now presses in its Motion—i.e., that permitting discovery in light of the (then-forthcoming) motions to dismiss and sever would be inappropriate and inefficient. (D.I. 141 at 2) And yet the District Court not only granted Defendant's motion to amend, but it also specifically ordered that "discovery on all claims and counterclaims will proceed unless and until any such motion [to dismiss or sever] is granted or other relief is ordered." (D.I. 142) Little has changed since then. Thus, Plaintiff's Motion reads like an (untimely) motion for reconsideration masquerading as a motion to stay.

To be sure, courts do at times stay discovery as to claims like these when motions to dismiss are pending. *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010). And the Court appreciates Plaintiff's argument that antitrust-related counterclaims may bring significant cost and burden to this action. *Cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007); *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *2-3 (N.D. Ill. Oct. 28, 2008).

But decisions on whether to grant such discovery stays are firmly within the discretion of district courts, *see Mann*, 375 F. App'x at 239, and such stays are not always the right course, even in cases involving antitrust claims, *see Adriana Castro, M.D., P.A. v. Sanofi Pasteur Inc.*, Civ. No. 11-7178 (JLL), 2012 WL 12918261, at *2 (D.N.J. July 18, 2012). A district court must assess each case on its own merits, and must also be mindful of its responsibility to keep its docket moving, so that it can provide litigants with timely and effective resolution of their claims. *Id.*

The District Court may have been even more mindful of the need to keep *this* case moving forward, in light of the parties' particular litigation history. The counterclaims at issue

are just one front of a larger battle between Plaintiff and Defendant—a battle that spans two different civil cases in this District (this action and Civil Action Number 16-284-LPS ("the 284 Action")), which also involve affirmative claims of patent infringement brought by both sides regarding a significant number of patents. It is a careful balance to keep all of these cases and issues moving forward in a just and equitable manner,[2] and the District Court clearly felt that staying discovery as to the counterclaims pending the resolution of the motions to dismiss and sever was not the right way to strike that balance.[3]

The Court sees no reason to take a different tack on the discovery stay question than did the District Court. It will do its best to resolve the pending motions to dismiss and sever as soon as it can. After doing so, if a different result on the stay question is warranted, it will consider that issue then. In the meantime, if Defendant's discovery requests are overbroad or unduly burdensome, Plaintiff can seek relief pursuant to the Federal Rules of Civil Procedure and the Court's discovery dispute process. *See Adriana Castro*, 2012 WL 12918261, at *2 n.2.

For the foregoing reasons, Plaintiff's Motion is DENIED.

Dated: January 8, 2019

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

---

[2] After Plaintiff's patent infringement claims were severed from the 284 Action, Plaintiff re-filed them in a different jurisdiction, only to have Defendant successfully transfer these claims back to this Court (i.e., Civil Action No. 17-1687-LPS-CJB). (D.I. 170 at 11) That back-and-forth has caused delay in bringing Plaintiff's affirmative patent case to resolution, and the District Court might well have been focused on doing what it could to ensure that Defendant's counterclaims too were not bogged down by significant delay.

[3] The District Court may also have anticipated that disputes about the scope of discovery on the counterclaims would pop up, as they have since, (D.I. 176), and that such disputes would themselves take time to resolve. Pressing forward with discovery, which would allow for those disputes to be heard and sorted out by a judge before too long, was certainly a reasonable choice for the District Court to make.